UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

RICKY R. MYERS,                    )
                                   )    No. CV-12-48-JPH
          Plaintiff,               )
                                   )    ORDER GRANTING DEFENDANT'S
                                   )    MOTION FOR SUMMARY JUDGMENT
          v.                       )
                                   )
                                   )
CAROLYN W. COLVIN, Acting          )
Commissioner of Social             )
Security,                          )
                                   )
          Defendant.               )

---

**BEFORE THE COURT** are cross-motions for summary judgment. ECF
ECF Nos. 20, 22. Attorney Maureen J. Rosette represents plaintiff.
Special Assistant United States Attorney Leisa A. Wolf represents
defendant. The parties have consented to proceed before a
magistrate judge. ECF No. 6. After reviewing the administrative
record and the briefs filed by the parties, the court **grants**
defendant's motion for summary judgment, ECF No. 22.

### JURISDICTION

Myers protectively applied for supplemental security income
(SSI) and disability insurance benefits (DIB) on March 4, 2009. He
alleged disability as of January 29, 2009 (Tr. 18, 167-70, 171-
74). The applications were denied initially and on reconsideration
(Tr. 112-14, 117-18, 121-22).

Administrative Law Judge (ALJ) R.J. Payne held a hearing on

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 1

January 20, 2010 (Tr. 36-101) and issued an unfavorable decision on October 12, 2010 (Tr. 16-28). The Appeals Council denied review on December 1, 2011 (Tr. 1-6), making the ALJ's decision the final decision of the Commissioner and appealable to the district court pursuant to 42 U.S.C. § 405(g). Myers filed this action for judicial review on January 20, 2012. ECF Nos. 2, 5.

**STATEMENT OF FACTS**

The facts have been presented in the administrative hearing transcript, the ALJ's decision, and the briefs of the parties. They are only briefly summarized here.

Myers was 42 years old at onset (Tr. 27). He earned a GED, went to college for 1-2 years, and lives alone. He has past relevant work as a carpet installer and has owned a flooring business. Myers alleges physical limitations, primarily back pain and problems related to irritable bowel syndrome (IBS) (Tr. 27, 68, 74, 87, 191, 770, 856).

**SEQUENTIAL EVALUATION PROCESS**

The Social Security Act (the Act) defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a plaintiff shall be determined to be under a disability only if any impairments are of such severity that a plaintiff is not only unable to do previous work but cannot, considering plaintiff's age, education and work experiences, engage in any other substantial gainful work which exists in the

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 2

national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).
Thus, the definition of disability consists of both medical and
vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156
(9th Cir. 2001).

The Commissioner has established a five-step sequential
evaluation process for determining whether a person is disabled.
20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person
is engaged in substantial gainful activities. If so, benefits are
denied. 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I). If not,
the decision maker proceeds to step two, which determines whether
plaintiff has a medically severe impairment or combination of
impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If plaintiff does not have a severe impairment or combination
of impairments, the disability claim is denied. If the impairment
is severe, the evaluation proceeds to the third step, which
compares plaintiff's impairment with a number of listed
impairments acknowledged by the Commissioner to be so severe as to
preclude substantial gainful activity. 20 C.F.R. §§
404.1520(a)(4)(iii), 416.920(a)(4)(iii); 20 C.F.R. § 404 Subpt. P
App. 1. If the impairment meets or equals one of the listed
impairments, plaintiff is conclusively presumed to be disabled.
If the impairment is not one conclusively presumed to be
disabling, the evaluation proceeds to the fourth step, which
determines whether the impairment prevents plaintiff from
performing work which was performed in the past. If a plaintiff is
able to perform previous work, that plaintiff is deemed not
disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At
this step, plaintiff's residual functional capacity (RFC) is

considered. If plaintiff cannot perform past relevant work, the
fifth and final step in the process determines whether plaintiff
is able to perform other work in the national economy in view of
plaintiff's residual functional capacity, age, education and past
work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v);
*Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon plaintiff to establish
a *prima facie* case of entitlement to disability benefits.
*Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v.
Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is
met once plaintiff establishes that a physical or mental
impairment prevents the performance of previous work. The burden
then shifts, at step five, to the Commissioner to show that (1)
plaintiff can perform other substantial gainful activity and (2) a
"significant number of jobs exist in the national economy" which
plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th
Cir. 1984).

## STANDARD OF REVIEW

Congress has provided a limited scope of judicial review of a
Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold
the Commissioner's decision, made through an ALJ, when the
determination is not based on legal error and is supported by
substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th
Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).
"The [Commissioner's] determination that a plaintiff is not
disabled will be upheld if the findings of fact are supported by
substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th
Cir. 1983)(citing 42 U.S.C. § 405(g)). Substantial evidence is

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 4

1  more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112,

2  1119 n. 10 (9th Cir. 1975), but less than a preponderance.

3  *McAllister v. Sullivan*, 888 F.2d 599, 601-602 (9th Cir. 1989).

4  Substantial evidence "means such evidence as a reasonable mind

5  might accept as adequate to support a conclusion." *Richardson v.*

6  *Perales*, 402 U.S. 389, 401 (1971) (citations omitted). "[S]uch

7  inferences and conclusions as the [Commissioner] may reasonably

8  draw from the evidence" will also be upheld. *Mark v. Celebrezze*,

9  348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers

10  the record as a whole, not just the evidence supporting the

11  decision of the Commissioner. *Weetman v. Sullivan,* 877 F.2d 20, 22

12  (9th Cir. 1989)(quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9th

13  Cir. 1980)).

14       It is the role of the trier of fact, not this Court, to

15  resolve conflicts in evidence. *Richardson,* 402 U.S. at 400. If

16  evidence supports more than one rational interpretation, the Court

17  may not substitute its judgment for that of the Commissioner.

18  *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th

19  Cir. 1984). Nevertheless, a decision supported by substantial

20  evidence will still be set aside if the proper legal standards

21  were not applied in weighing the evidence and making the decision.

22  *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432,

23  433 (9th Cir. 1987). Thus, if there is substantial evidence to

24  support the administrative findings, or if there is conflicting

25  evidence that will support a finding of either disability or

26  nondisability, the finding of the Commissioner is conclusive.

27  *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

28  ///

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 5

**ALJ'S FINDINGS**

At step one, ALJ Payne found Myers did not engage in substantial gainful activity after onset (Tr. 18). At steps two and three, he found Myers suffers from degenerative disc disease (thoracic spine), degenerative changes of the cervical and lumbar spines and irritable bowl syndrome (IBS), impairments that are severe but do not meet or medically equal a Listed impairment (Tr. 18, 21).

The ALJ found Myers less than fully credible and assessed an RFC for the full range of light work (Tr. 22-23). At step four the ALJ found Myers is unable to perform any past relevant work (Tr. 27). At step five, relying on the Medical-Vocational Guidelines ("Grids"), the ALJ found Myers is not disabled (Tr. 27-28).

Accordingly, the ALJ concluded Myers was not disabled as defined by the Act from January 29, 2009 (onset) through October 12, 2010 (the date of the decision).

**ISSUES**

Myers alleges the ALJ erred when he assessed credibility, weighed the medical evidence and relied on the Grids at step five. ECF No. 21 at 7-11.

**DISCUSSION**

**A. Credibility**

Myers alleges the ALJ erred when he assessed his credibility. ECF No. 21 at 7-10. The Commissioner responds that the ALJ's reasons were clear, convincing and supported by substantial evidence. ECF No. 23 at 6-12.

It is the province of the ALJ to make credibility determinations. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir.

1995). However, the ALJ's findings must be supported by specific
cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir.
1990). Once the claimant produces medical evidence of an
underlying medical impairment, the ALJ may not discredit testimony
as to the severity of an impairment because it is unsupported by
medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir.
1998). Absent affirmative evidence of malingering, the ALJ's
reasons for rejecting the claimant's testimony must be "clear and
convincing." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995).
"General findings are insufficient: rather the ALJ must identify
what testimony is not credible and what evidence undermines the
claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v.
Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

The ALJ found Myers's medically determinable impairments
could reasonably be expected to cause the alleged symptoms, but
his statements concerning the intensity, persistence and limiting
effects of the symptoms were not credible to the extent they were
inconsistent with the ALJ's RFC assessment (Tr. 22-27).

The ALJ relied on inconsistent statements, failure to follow
prescribed treatment, exaggeration of symptoms and limitations,
and lack of supporting objective evidence (Tr. 22-27).

On October 1, 2009, Myers reported to the ER he was still
pursuing physical therapy (Tr. 653). As the ALJ observes, a report
shows dated September 10, 2009, states Myers was discharged from
physical therapy (Tr. 25, 340). Inconsistent statements diminish
credibility. *Thomas v. Barnhart*, 278 F.3d 947(9th Cir. 2002).

The ALJ notes PT records indicate Myers was "fairly
inconsistent" with his appointments (Tr. 25, 340). Noncompliance

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 7

with medical care or unexplained or inadequately explained reasons for failing to seek medical treatment cast doubt on a claimant's subjective complaints. 20 C.F.R. §§ 404.1530, 426.930; *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989).

ER records in February 2009 (shortly after onset) show Myers describes pain as "10 out of 10," yet appears in little distress. When distracted he rises without much evidence of discomfort (Tr. 306-07). The ALJ notes Myers told treating physician Phillip Woolf, M.D., on September 1, 2009 that an assistant at the hospital told him after looking at his reports that Myers has degenerative disc disease (DDD) and that "if he lifted more than 5 pounds he could be paralyzed." Yet the hospital records on August 29, 2009 actually state Myers was advised to refrain from any heavy lifting greater than 5 to 10 pounds at that time. Paralysis is not mentioned. (Tr. 25, 317, 597). Over-reporting or exaggerating cast doubt on credibility. *Tonapetyan v. Haller*, 242 F.3d 1144, 1148 (9th Cir. 2001).

In November 2009, about eleven months after onset, examining doctor Cynthia Hahn, M.D., notes Myers groaned and exhibited pain behavior. She opined the cervical spine and MRI scan in no way account for the degree of Myers's complaints of back and neck pain. The ALJ observes Dr. Hahn opined Myers could return to his previous job and avoid long-term narcotics (Tr. 25, 394-96). The ALJ may properly rely on allegations inconsistent with objective medical evidence when weighing credibility, as long as it is not the sole reason. *Thomas*, 278 F.3d at 959.

After review the court finds the ALJ's reasons for discounting plaintiff's subjective complaints are clear,

convincing, and fully supported by the record. Accordingly, the ALJ correctly found Myers's subjective descriptions of his functional limitations were not fully credible.

**B.  Medical evidence**

Myers alleges the ALJ failed to properly weigh the opinion of testifying expert Sterling Moore, M.D., that Myers is limited to "occasional stooping and the need to be near a bathroom due to Mr. Myers' frequent bowel movements." ECF No. 21 at 10-11, citing Tr. 49. The Commissioner does not directly answer this allegation.

The record is not as clear as Myers alleges. Later in the hearing Dr. Moore indicated he was unable to say definitively Myers requires close access to a bathroom while working (Tr. 57). He opined Myers has two non-exertional limitations: occasional crouching and stooping (Tr. 60). Given this testimony the ALJ was not required to incorporate the need to be near a bathroom in the RFC.

The ALJ assessed an RFC for the full range of light work (Tr. 22). Whether the ALJ should have included occasional stooping and crouching as non-exertional limitations in the RFC is discussed below.

**C. Step five**

Myers alleges the ALJ should have called a vocational expert instead of relying on the Grids at step five. ECF No. 21 at 10-11. He alleges the ALJ erred when he failed to include limitations assessed by Dr. Moore in the RFC, and had these limitations been included, a vocational expert's testimony was needed. ECF No. 21 at 10. The Commissioner responds that, because additional non-exertional limitations do not significantly limit Myers's

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 9

exertional ability, the ALJ correctly relied on the Grids. ECF No. 23 at 14-17. The Commissioner does not directly address Myers's contention that the ALJ erred by failing to adopt or discuss the medical expert's assessed non-exertional limitations, other than to point out the ALJ's statement that the evidence of IBS "fails to demonstrate that Plaintiff was totally disabled." ECF No. 23 at 10, citing Tr. 23.

The ALJ states "the types of exertional and non-exertional limitations that are present in this case ... would not significantly erode the job base at the sedentary and light job levels." (Tr. 28), citing to SSR 96-9p, SSR 85-15, SSR 83-10 and SSR 83-14.

The ALJ is correct. SSR 83-14 provides:

"... to perform substantially all of the exertional requirements of most sedentary and light jobs, a person would not need to crouch, and would need to stoop only occasionally (from very little up to one-third of the time, depending on the particular job)."
SSR 83-14.

Even if the ALJ had explicitly adopted these non-exertional limitations endorsed by Dr. Moore, the job base clearly would not have been significantly eroded. The error if any is clearly harmless.

As noted, Dr. Moore later backed off from requiring restroom proximity in the RFC. The remainder of Myers's allegation is that the ALJ should have adopted the limitation because it was based on Myers's testimony. As indicated, the ALJ properly found Myers less than credible. Consequently the ALJ was not required to include

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 10

1   the limitation.

2       Myers alleges the ALJ should have called a vocational expert

3   instead of relying on the Grids.

4       Myers is mistaken.

5       Once a claimant has established that he or she suffers from a

6   severe impairment that prevents the claimant from doing any past

7   relevant work, the claimant has made a prima facie showing of

8   disability. At this point - step five - the burden shifts to the

9   Commissioner to show that the claimant can perform some other work

10  that exists in "significant numbers" in the national economy,

11  taking into consideration the claimant's residual functional

12  capacity, age, education and work experience. 20 C.F.R. § 404.1560

13  (b)(3). There are two ways for the Commissioner to meet the burden

14  of showing that there is other work in "significant numbers" in

15  the national economy that claimant can perform: (a) by the

16  testimony of a vocational expert, or (b) by reference to the

17  Medical-Vocational Guidelines at 20 C.F.R. pt. 404, subpt. P, app.

18  2 ("Grids"). *Tackett v. Apfel*, 180 F.3d 1094, 1100-1101 (9th Cir.

19  1999).

20      At step five the ALJ can call upon a vocational expert to

21  testify as to: (1) what jobs the claimant, given his or her

22  residual functional capacity, would be able to do; and (2) the

23  availability of such jobs in the national economy. In some cases,

24  it is appropriate for the ALJ to rely on the Grids to determine

25  whether a claimant can perform some work that exists in

26  "significant numbers" in the national economy. The Grids are a

27  matrix system for handling claims that involve substantially

28  uniform levels of impairment. *See* 20 C.F.R. pt. 404, subpt. P,

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 11

app. 2.

The Commissioner's need for efficiency justifies use of the Grids at step five where they completely and accurately represent a claimant's limitations. *See Heckler v. Campbell*, 461 U.S. 458, 461 (1983). A non-exertional impairment, if sufficiently severe, may limit the claimant's functional capacity in ways not contemplated by the Grids. In such a case, the guidelines would be inapplicable. Examples of non-exertional limitations are pain, postural limitations, or environment limitations. *See Desrosiers v. Secretary of Health and Human Servs*., 846 F.2d 573, 577 (Pregerson, J., concurring)(9th Cir. 1988)(internal citations omitted).

At step five in the instant case, the ALJ concluded that Meyers's limitations were adequately covered by the Grids. As noted, Dr. Moore opined Myers is limited to occasional stooping and crouching (Tr. 60). These non-exertional limitations do not significantly erode the base of sedentary and light jobs. See SSR 83-14. Accordingly, the ALJ appropriately relied on the Grids and was not required to call upon a vocational expert to testify.

**CONCLUSION**

Having reviewed the record and the ALJ's conclusions, this court finds that the ALJ's decision is free of harmful error and supported by substantial evidence. Accordingly,

**IT IS HEREBY ORDERED:**

1. Defendant's Motion for Summary Judgment, **ECF No. 22,** is **GRANTED.**

2. Plaintiff's Motion for Summary Judgment, **ECF No. 20,** is **DENIED.**

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 12

**IT IS SO ORDERED.** The District Court Executive is directed to file this Order, provide copies to the parties, enter judgment in favor of Defendant, and **CLOSE** this file.

DATED this 29th day of May, 2013.


                                        _S/James P. Hutton_

                                     JAMES P. HUTTON

                               UNITED STATES MAGISTRATE JUDGE

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT – 13